## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN W. CURRYTTO,<br>Plaintiff, | : <br> : <br> : <br> : | CASE NO. 3:20-cv-1213 (MPS) |
| v. | : <br> : | |
| JANE DOE #1, et al.,<br>Defendants. | : <br> : <br> : | JANUARY 11, 2021 |

---

### RULING ON MOTIONS FOR RECONSIDERATION

Plaintiff Kevin W. Currytto filed this case under 42 U.S.C. § 1983. Upon initial review, the Court dismissed all claims against defendants Department of Correction and UCONN Correctional Managed Health Care because neither entity is a person within the meaning of section 1983. Doc. No. 11 at 8. The plaintiff has filed two motions seeking reconsideration of that decision. For the following reasons, the motions are denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court

overlooked." D. Conn. L. Civ. R. 7(c)1.  In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." *Id.*

The Initial Review Order was filed on October 13, 2020.  Thus, any motion for reconsideration had to be filed no later than October 20, 2020.  The plaintiff filed his motions on November 4, 2020 and November 18, 2020, fifteen and twenty-nine days too late.

Further, even if the motions were timely, they would be denied.  The plaintiff objects to the dismissal of the claims against defendants Department of Correction and UCONN Correctional Managed Health Care on the ground that these entities meet the requirement for a public entity that may be sued under the Americans with Disabilities Act.  In this action, however, the plaintiff asserts only Eighth Amendment claims for deliberate indifference to serious medical needs.  There is no mention of the Americans with Disabilities Act.  Thus, there is no factual basis for the plaintiff's motions.

The motions for reconsideration [**ECF Nos. 19, 23**] are **DENIED**.

**SO ORDERED** this 11th day of January 2021 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge