UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN W. CURRYTTO, | : | |
| Plaintiff, | : | CASE NO. 3:20-cv-1213 (MPS) |
| | : | |
| v. | : | |
| | : | |
| JANE DOE #1, et al., | : | |
| Defendants. | : | |
| | : | FEBRUARY 11, 2021 |
| | : | |

___

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kevin W. Currytto has filed this action under 42 U.S.C. § 1983 challenging his medical care.  Following initial review, the following claims remain: deliberate indifference to medical needs and related state law negligence/medical malpractice claims against defendants Santassico, Nurse Doe #1, Furey, Preston, Bretton, Wright, Dyle, Beckford, O'Connor, Dorsko, and Officer Doe, a retaliation claim against defendants Beckford and Nurse Doe, and state law negligence claims relating to inadequate treatment against defendants Chris Doe, Dyle, and Jane Doe.

The defendants have filed a motion to dismiss arguing that this case is barred by a release the plaintiff executed when he settled two other federal cases.  In response, the plaintiff contends that the release was limited to the two cases he settled.  For the following reasons, the motion to dismiss is denied.

I.    Standard of Review

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* However, when reviewing a motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012).

I.  Discussion

The defendants do not address the plausibility of the plaintiff's claims in their motion. Instead, they argue that the Court should dismiss this case because the claims are barred by the release included in the settlement agreement the plaintiff signed to resolve two other cases, *Currytto v. Furey*, No. 3:18-cv-1696(JAM), and *Currytto v. Semple*, No. 3:18-cv-1392(JAM).

Release is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises … an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).

The plaintiff does not refer to the release in his complaint or incorporate it by reference. "A court may take judicial notice of a document filed in another court not for the truth of the

matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).  Here, the release was not filed in the settled cases.  As the facts supporting the defense do not appear on the face of the complaint and are not judicially noticeable, the motion to dismiss is denied.

In addition, even if the Court were to consider the release, the defendants' motion would fail.  The release states:

> The plaintiff hereby releases each of the defendants as follows: Plaintiff Kevin W. Currytto, individually and on behalf of his heirs, beneficiaries, successors and assigns, for and in consideration of the payment of the proceeds of this settlement, and other valuable considerations, the receipt of which is hereby acknowledged, does herewith release and forever discharge defendants Richard Fury, Mark Frayne, Matthew Clark and Sharon Beckford, in addition to the defendants referenced in Case Number 3:18-CV-1392 as if set forth more fully herein, and all other present and former officers and employees of the State of Connecticut, their heirs, successors and assigns, from all actions, causes of action, suits, claims, controversies, damages and demands of every nature and kind, including attorneys' fees and costs, monetary and equitable relief, which the plaintiff, its heirs, successors and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release of Liability, including but not limited to acts arising out of, or in any way related to the incidents or circumstances which formed the basis of the above-captioned lawsuit.  *Said release of liability is limited to the suits identified above.*

Settlement and Release Agreement, Defs.' Mem. Attachment A, ¶ 4, ECF No. 40-2 at 3-4 (emphasis added).

Although the release includes broad release language, it also specifically refers to the defendants in the two settled cases and states that the release of liability is limited to those two

cases.  At best for the defendants, there is an issue of fact regarding the meaning of the release, one that cannot be resolved on a motion to dismiss.

III.	Conclusion

The defendants' motion to dismiss [**ECF No. 40**] is **DENIED** without prejudice**.**

**SO ORDERED** at Hartford, Connecticut, this 11th day of February 2021.

/s/
Michael P. Shea
United States District Judge